SCHOOL DISTRICT NO. 1, IN GORHAM, Petrs. for Mandamus,

*vs.*

CHARLES W. DEERING, and others.

Cumberland.    Opinion May 4, 1898.

*School Districts.   Stat. 1893, c. 216.   Dist. No. 1, in Gorham.   Spec. Acts, 1889, c. 454, c. 461.*

A school district organized by the town and not by special act of the legisla-
ture, is not within the proviso in section 1, of chap. 216 of the laws of 1893
abolishing school districts, although the legislature by special acts subse-
quent to its organization conferred upon it special powers; and hence is not
entitled to receive for its own expenditure any part of the town's money
raised for the support of schools.

ON REPORT.

This was a petition for mandamus by the inhabitants of school
district No. 1, in Gorham praying for a writ to issue commanding
the superintending school committee to determine and award to the
district the amount required for the maintenance of the schools
therein for the current year from the common school funds of the
town.

The defendants claimed that the district had been abolished by
the statute of 1893, c. 216, and the plaintiffs contended otherwise.
The first and fourth sections of the statute are as follows:

" Sec. 1.   The school districts in all towns in this state are
hereby abolished.   Provided, however, that school districts organ-
ized with special powers by act of the legislature, may retain such
organization and special powers; but said districts shall annually,
on or before the first day of June, by their agents, trustees or
directors, submit to the school committees of their several towns
estimates of the amount required for the maintenance of the schools
therein, other than free high schools, for the ensuing school year,
and shall be entitled to such portion of the common school funds
of the town as said committees shall determine, which sum shall

not be less than is necessary for the maintenance of their schools for a period equal to that of other schools of the town.

"Sec. 4. The corporate powers of every school district shall continue under this act so far as the same may be necessary for the meeting of its liabilities and the enforcing of its rights; and any property held in trust by any school district by virtue of a gift, devise or bequest for the benefit of said district shall continue to be held and used according to the terms thereof."

The plaintiffs also contended that the statute of 1893 did not apply because special powers had been conferred on the district by special laws of 1889, c. 454 and c. 461, by which certain scholars could be educated at the normal school in this district, besides being authorized to accept, receive and hold property given to it in trust for educational purposes.

*J. A. Waterman and G. B. Emery,* for plaintiffs.

The act of 1893 does not say or mean "organized only by special charters." The districts comprehended within the proviso are the ordinary school districts, vested with special powers by legislation. *State* v. *Parker,* 25 Minn. 215–220.

If the legislature is limited to a single act, or to a special charter, in conferring special powers, then the act in question is unconstitutional. *Call* v. *Chadbourne,* 46 Maine, 206. The continuance of this district under the district system is essential to the rights conferred by the acts of 1889 and are identical in spirit and purpose with those which have been held to constitute a contract. *Dartmouth College* v. *Woodward,* 4 Wheat. 518; *State* v. *Donovan,* 89 Maine, 453; Endl. Int. Stats. § 340, and cases.

Section 4 has no reference to school districts not abolished, but to those that elect to go into the town system and are allowed to retain their funds. Their special powers could hardly be retained if at the same time the management of their affairs should be taken away. *Drainage Com.* v. *Walker* 41 Ill. App. 575; *Kane* v. *Kansas City,* 112 Mo. 34; *Hobin* v. *Murphy,* 20 Mo. 448.

The special intention must prevail over the general words: *Hallowell* v. *Gardiner,* 1 Maine, 93; *Milo* v. *Kilmarnock,* 11

Maine, 455; *U. S.* v. *Crawford*, 6 Mackey, 319; *Gray* v. *Co. Com.*, 83 Maine, 429; *Stevens* v. *Raymond*, 4 Cush. 214; *Phillips* v. *Drake*, 40 Ills. 388; *Collins* v. *Chase*, 71 Maine, 434, 436; *Smith* v. *Chase*, 74 Maine, 164; *Merrill* v. *Crossman*, 68 Maine, 412; *Holmes* v. *Paris*, 75 Maine, 559, 561; *Allen* v. *Young*, 76 Maine, 80; *State* v. *Bucknam*, 88 Maine, 385.

The agreed facts show that the district has not failed to retain the actual possession of its schools and school property, in manner as prior to the statute of 1893.

We are no more estopped than are the respondents estopped from denying our rights as claimed, after they have for three successive years granted in full the requests of the district in this regard. *Tower* v. *Haslam*, 84 Maine, 86; Bigelow, Estop. 430.

Having exercised the privileges of a district for three years from the passage of the act under consideration, the district is presumed to have a legal organization (R. S. 1883, c. 11, § 40.) This has been held to mean, both legally originally organized and legally acting in its present corporate functions. *Collins* v. *School District*, 52 Maine, 522, 526. And the presumption has also been held to be conclusive. *State* v. *School District*, 54 Minn. 213; *Stevens* v. *School District*, 30 Mich. 69; *State* v. *School District*, 42 Neb. 499.

*John H. Fogg*, for defendants.

SITTING: PETERS, C. J., EMERY, HASKELL, WISWELL, STROUT, SAVAGE, JJ.

EMERY, J. It was the policy of Massachusetts before the Separation, and has been the policy of Maine since down to 1893, to allow towns to sub-divide themselves into school districts and apportion the school money to their districts for them to expend upon the schools within their limits.

In 1893, by ch. 216 of the statutes of that year, that policy was reversed. The school districts were abolished. The towns were ordered to take possession of all the district school houses, reimbursing the districts therefor, and to expend by its own officers the

school money so as to give each part of the town as nearly as practicable school terms of equal aggregate length. Provision, however, was made by section 4 of that chapter that the corporate
powers of school districts should continue so far as necessary to
enforce rights and liabilities, and also, that any property held in
trust by any school district for the benefit of the district should
continue to be held and used according to the terms of the trust.

School district No. one, in Gorham, was created in the usual
way by the town, and after the act of 1893 ch. 216, its district
school houses were taken over by the town and paid for under the
provisions of that act, the inhabitants of the district receiving the
money through rebate on their town taxes. Now, however, the
inhabitants of that particular territory claim to be still a school
district, with the right to receive from the town a share of the
school money to be expended by themselves upon schools within
that territory as formerly. They base this claim on the proviso in
the first section of the act of 1893, viz: "Provided, however, that
school districts organized with special powers by act of the Legislature may retain such organization and special powers:"—and
shall be entitled to a share of the school money to expend under its
own direction.

District No. one, in Gorham, was not organized by any special or
direct act of the legislature, but in 1889 two special acts were
passed,—one (ch. 454) permitting the legal voters of that particular district to transfer a portion of its scholars to the model
schools connected with the Normal school in the district;—the
other (ch. 461) permitting the same district to accept, receive and
hold property given to it in trust for educational purposes, and providing for the appointment by the district of trustees to hold and
manage the fund. Under this last act property was given to the
district in trust for educational purposes and was held by it under
that act at the time the act of 1893, abolishing school districts,
took effect.

The purpose of the act of 1893, as already stated, was to require
the town to expend the school money by its own officers for the
equal benefit of all portions of the town, instead of turning it over

to districts to be expended by district officers.  The language of the proviso does not in itself, nor when read in connection with the whole act, purport to except from this purpose or operation of the act, those districts upon which special powers have from time to time subsequent to their organization been conferred by act of the legislature.  Rights acquired and liabilities incurred under such special powers are expressly saved in all cases by § 4 of the Act of 1893.  The benefit of the trust fund received by this district is also, by the same section, preserved to the inhabitants or scholars of the district.

The proviso in Section 1 of the act does not name districts endowed with, enjoying or exercising special powers by legislative favor, nor districts upon which special powers have been conferred by act of the legislature subsequent to their erection or beginning. The word used is "organized."

The language implies a school district originally and specially created by legislative act, with special powers made a part of its organization, or at least special powers coeval with its organization.  District No. one in Gorham was not so organized.  Its special powers were not coeval with its organization but were conferred nearly a century afterward.  It is not within the terms nor spirit of the proviso, and hence is not entitled to receive for its own expenditure any part of the town's money raised for the support of schools.

*Petition dismissed with costs.*